John A. Lapinski, SBN 71596
Leslie R. Horowitz, SBN 97630
Stephen E. Hyam, SBN 198065
CLARK & TREVITHICK
800 Wilshire Blvd., Twelfth Floor
Los Angeles, California 90017
Telephone: (213) 629-5700
Facsimile: (213) 624-9441
Email: jlapinski@clarktrev.com
　　　　lhorowitz@clarktrev.com
　　　　shyam@clarktrev.com

Attorneys for AX ACQUISITION, INC.

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Axium International, Inc.,<br><br>Debtor.<br><br>Tax ID Number 95-4882205 | CASE NO. 2:08-bk-10277-BB<br><br>Chapter 7<br><br>Adversary Case No. 2:08-ap-01570-BB<br><br>**ANSWER TO ADVERSARY COMPLAINT** |
| ☐   Affects All Debtors | |
| ☐   Affects Diversity MSP, Inc., | 2:08-bk-10376-BB |
| ☒   Affects AV Centurion Film, Inc., | 2:08-bk-10294-BB |
| ☒   Affects AV Global, Inc., | 2:08-bk-10327-BB |
| ☒   Affects Avalon Payroll Group, Inc., | 2:08-bk-10339-BB |
| ☒   Affects Avalon Production Accounting, Inc., | 2:08-bk-10304-BB |
| ☒   Affects Avalon Visual Corp., | 2:08-bk-10312-BB |
| ☒   Affects Avalon Worldwide, Inc., | 2:08-bk-10340-BB |

CLARK & TREVITHICK
A PROFESSIONAL LAW CORPORATION
800 WILSHIRE BLVD, TWELFTH FLOOR
LOS ANGELES, CALIFORNIA 90017

| | | |
|---|---|---|
| ☒ | Affects Avalon Film Services, Inc., | 2:08-bk-10297-BB |
| ☒ | Affects Avalon Hollywood Services, Inc., | 2:08-bk-10329-BB |
| ☒ | Affects AX Centurion Film, Inc., | 2:08-bk-10319-BB |
| ☒ | Affects AX Global, Inc., | 2:08-bk-10326-BB |
| ☒ | Affects Axi Cash, Inc., | 2:08-bk-10332-BB |
| ☒ | Affects Axico, Inc., | 2:08-bk-10336-BB |
| ☒ | Affects Axium ATB, Inc., | 2:08-bk-10314-BB |
| ☒ | Affects Axium Bond Corp., | 2:08-bk-10317-BB |
| ☒ | Affects Axium Cinema, Inc., | 2:08-bk-10333-BB |
| ☒ | Affects Axium Entertainment, Inc., | 2:08-bk-10291-BB |
| ☒ | Affects Axium Film Corp., | 2:08-bk-10338-BB |
| ☒ | Affects Axium Holdings, Inc., | 2:08-bk-10280-BB |
| ☒ | Affects Axium Hollywood Services, Inc., | 2:08-bk-10305-BB |
| ☒ | Affects Axium Payroll Group, Inc., | 2:08-bk-10335-BB |
| ☒ | Affects Axium Payroll Services, Inc., | 2:08-bk-10321-BB |
| ☒ | Affects Axium SC, LLC, | 2:08-bk-10285-BB |
| ☒ | Affects Axium Visual Corp., | 2:08-bk-10320-BB |

CLARK & TREVITHICK
A PROFESSIONAL LAW CORPORATION
800 WILSHIRE BLVD, TWELFTH FLOOR
LOS ANGELES, CALIFORNIA 90017

504003.1 (G03534.026)

2

ANSWER TO ADVERSARY COMPLAINT

| | | |
|---|---|---|
| ☒ | Affects Axium Worldwide, Inc., | 2:08-bk-10306-BB |
| ☒ | Affects Centurion Cinema, Inc., | 2:08-bk-10311-BB |
| ☐ | Affects Diversity Internal, Inc., | 2:08-bk-10372-BB |
| ☒ | Affects ECG Minn RE, LLC, | 2:08-bk-10316-BB |
| ☒ | Affects Global Enterprises, Inc., | 2:08-bk-10301-BB |
| ☒ | Affects Global Music, Inc., | 2:08-bk-10298-BB |
| ☒ | Affects Global Worksource, Inc., | 2:08-bk-10341-BB |
| ☒ | Affects PAV Film Services, Inc., | 2:08-bk-10331-BB |
| ☒ | Affects Talent VMS, Inc., | 2:08-bk-10325-BB |
| ☒ | Affects Pax Film Services, Inc., | 2:08-bk-10290-BB |
| ☐ | Affects Ensemble Chimes Servicing, Inc. | 2:08-bk-10373-BB |
| ☐ | Affects Ensemble Chimes Global Puerto Rico, Ltd. | 2:08-bk-10375-BB |

Defendant AX Acquisition, Inc. ("AX"), through its attorneys of record, answers Plaintiff Howard M. Ehrenberg's adversary complaint as follows:

## ANSWER TO JURISDICTION AND VENUE

1. Defendant admits the allegations in paragraph 1.

2. Defendant admits the allegations in paragraph 2.

3. Defendant admits the allegations in paragraph 3.

4. Defendant admits the allegations in paragraph 4.

5. Defendant admits the allegations in paragraph 5.

## ANSWER TO THE PARTIES

6. Defendant admits the allegations in paragraph 6.

7. Defendant admits the allegations in paragraph 7.

8. Defendant admits the allegations in paragraph 8.

## ANSWER TO GENERAL ALLEGATIONS

9. Defendant admits the allegations in paragraph 9.

10. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 10, and therefore denies them.

11. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 11, and therefore denies them.

12. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 12, and therefore denies them.

13. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 13, and therefore denies them.

14. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 14, and therefore denies them.

15. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 15, and therefore denies them.

16. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 16, and therefore denies them.

17. Defendant admits the allegations in paragraph 17.

18. Defendant admits the allegations in paragraph 18.

19. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 19, and therefore denies them.

20. Defendant admits the allegations in paragraph 20.

21. Defendant admits the allegations in paragraph 21.

22. Defendant admits the allegations in paragraph 22.

23. Defendant admits the allegations in paragraph 23.

CLARK & TREVITHICK
A PROFESSIONAL LAW CORPORATION
800 WILSHIRE BLVD, TWELFTH FLOOR
LOS ANGELES, CALIFORNIA 90017

24. Defendant admits the allegations in paragraph 24.

25. Defendant admits the allegations in paragraph 25.

26. Defendant admits the allegations in paragraph 26.

27. Defendant admits the allegations in paragraph 27.

28. Defendant admits the allegations in paragraph 28.

29. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 29, and therefore denies them.

30. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 30, and therefore denies them.

31. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 31, and therefore denies them.

32. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 32, and therefore denies them.

33. Defendant denies the allegations in paragraph 33, but admits that it make an offer to purchase the assets.

34. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 34, and therefore denies them.

35. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 35, and therefore denies them.

36. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 36, and therefore denies them.

37. Defendant admits the allegations in paragraph 37.

38. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 38, and therefore denies them.

39. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 39, and therefore denies them.

40. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 40, and therefore denies them.

CLARK & TREVITHICK
A PROFESSIONAL LAW CORPORATION
800 WILSHIRE BLVD, TWELFTH FLOOR
LOS ANGELES, CALIFORNIA 90017

41. Defendant admits the allegations in paragraph 41.

42. Defendant admits the allegations in paragraph 42.

43. Defendant admits the allegations in paragraph 43.

44. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 44, and therefore denies them.

45. Defendant admits the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46 except admits that it sent a letter to Plaintiff asserting an ownership interest in the assets stated in paragraph 46.

47. Defendant denies the allegations in paragraph 47, but admits that certain assets were not identified as Excluded Assets.

48. Defendant denies the allegations in paragraph 48 except that it admits that the Trustee told Defendant that he had not sold certain assets after he told Defendants that they had indeed purchased these assets.

## ANSWER TO THE FIRST CLAIM FOR RELIEF

49. Defendant incorporates its answer to paragraph 1 through 48 as if fully set forth herein.

50. Defendant denies the allegations in paragraph 50 except admits that a controversy has arisen.

51. Defendant denies the allegations in paragraph 51 except admits that the parties desire a declaration of their rights.

## ANSWER TO THE SECOND CLAIM FOR RELIEF

52. Defendant incorporates its answer to paragraph 1 through 52 as if fully set forth herein.

53. Defendant denies the allegations in paragraph 53.

54. Defendant denies the allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56.

57. Defendant denies the allegations in paragraph 57.

58.  Defendant denies the allegations in paragraph 58.

## ANSWER TO THE THIRD CLAIM FOR RELIEF

59.  Defendant incorporates its answer to paragraph 1 through 58 as if fully set forth herein.

60.  Defendant denies the allegations in paragraph 60.

61.  Defendant denies the allegations in paragraph 61.

62.  Defendant denies the allegations in paragraph 62.

63.  Defendant denies the allegations in paragraph 63.

64.  Defendant denies the allegations in paragraph 64.

## ANSWER TO THE FOURTH CLAIM FOR RELIEF

65.  Defendant incorporates its answer to paragraph 1 through 64 as if fully set forth herein.

66.  Defendant denies the allegations in paragraph 66.

67.  Defendant denies the allegations in paragraph 67.

68.  Defendant denies the allegations in paragraph 68.

69.  Defendant denies the allegations in paragraph 69.

70.  Defendant denies the allegations in paragraph 70.

71.  Defendant denies the allegations in paragraph 71.

## AFFIRMATIVE DEFENSES

In addition to the above-referenced Answer, Defendant AX asserts the following affirmative defenses:

First affirmative defense – Unclean hands

1.  Plaintiff is barred from any relief against this answering Defendant due to Plaintiff's unclean hands in his dealings with this answering Defendant.

Second affirmative defense – Estoppel

2.  Because of Plaintiff's conduct with regard to the subject matter of his complaint, he is barred from any relief.

<u>Third affirmative defense – Plaintiff's own acts</u>

3.  Plaintiff's own acts, conduct, and/or omissions were the proximate cause of his damages.

<u>Fourth affirmative defense – Lack of fault/liability</u>

4.  Plaintiff may not recover against defendant because any damages that plaintiff incurred were directly and proximately caused and/or contributed to by the acts, conduct, and/or omissions of third persons and/or entities.

<u>Fifth affirmative defense – Laches</u>

5.  Plaintiff's causes of action are barred by the doctrine of laches.

<u>Sixth affirmative defense – Waiver</u>

6.  Plaintiff has waived some or all of his claims against Defendant by reason of his conduct in connection with the matters complained of in the Complaint.

WHEREFORE, Defendant AX respectfully requests that this Honorable Court enter judgment in its favor and against the Plaintiff, and grant such other and further relief as this Court deems just and proper.

DATED: August 4, 2008            CLARK & TREVITHICK

By: /s/Leslie R. Horowitz
Leslie R. Horowitz
Attorneys for Defendant
AX ACQUISITION, INC.

CLARK & TREVITHICK
A PROFESSIONAL LAW CORPORATION
800 WILSHIRE BLVD, TWELFTH FLOOR
LOS ANGELES, CALIFORNIA 90017

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 800 Wilshire Blvd, Twelfth Floor, Los Angeles, California 90017.

On August 4, 2008, I served the following document(s) described as **ANSWER TO ADVERSARY COMPLAINT** on the interested parties in this action as follows:

Victor A. Sahn
Daniel A. Lev
Sulmeyer Kupetz
Daniel A. Lev
Sulmeyer Kupetz
333 South Hope Street, 35th Floor
Los Angeles, CA 90071-1406

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Clark & Trevithick's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 4, 2008, at Los Angeles, California.

*/s/ Iris Palmer*
Iris C. Palmer

504003.1 (G03534.026)

ANSWER TO ADVERSARY COMPLAINT